☐ ORIGINAL

FILED

05/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0158

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0158

RACHELL FLORES,

Petitioner,

v.

BRADLEY BRAGG, Lewis and Clark County
Detention Center,

Respondent.

ORDER

FILED

MAY - 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Rachell Flores has filed a "Writ for Bail Rehearing Petition" after we denied her Petition for Writ of Habeas Corpus on March 26, 2024. In our previous Order, we explained then that the "District Court has sentenced Flores, and there is no want of bail." *Flores v. Bragg*, No. OP 24-0158, Order, at 2 (Mont. Mar. 26, 2024) (*Flores I*). We deem her pleading a petition for rehearing, pursuant to M. R. App. P. 20(1). No response has been filed.

Flores is currently detained in the Lewis and Clark County Detention Center and requests bail pending appeal or a stay of execution of sentencing. She states that she is "a non-violent non-drug offender." She questions whether she will be accepted to Elkhorn because of her medical ailments and that she has not received any of her medication while in jail for the last fifty-nine days. She further states that she is requesting bail and that she intends to file a Notice of Appeal around the same time she filed this pleading. Flores adds that she declined representation from the office of the Appellate Defender Division. Flores states that she is dying and that she seeks release to be with her child during the remainder of her fifteen-month sentence.

M. R. App. P. 20(1)(a) provides criteria for rehearing. This Court will consider a petition for rehearing on the following grounds: (1) that we overlooked some fact material

to the decision; (2) that we overlooked some question presented by counsel that would have proven decisive to the case; or (3) that our decision conflicts with a statute or controlling decision not addressed by us. M. R. App. P. 20(1)(a)(i)–(iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

This Court acknowledges that Flores seeks immediate release, given her current health status. Flores, however, has not demonstrated that she is entitled to rehearing. The District Court decides whether to release a person on bail. As we explained previously:

> Flores was sentenced upon revocation in District Court, and as Flores acknowledges in her Petition, her counsel did not file a motion for release pending appeal in the District Court. Flores was a probationer when she violated for the second time within a year. . . .

> This Court cannot provide the relief that Flores requests.

*Flores I,* at 2. We note that a week after we denied her petition for habeas corpus relief, counsel with the Appellate Defender Division filed a Notice of Appeal for Flores concerning her recent sentence upon revocation. Accordingly,

IT IS ORDERED that Flores's Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: Bradley Bragg, Lewis and Clark County Detention Center; counsel of record; Chad M. Wright, Appellate Defender Division, and Rachell Flores personally.

DATED this ___ day of May, 2024.

_____
Chief Justice

_____

_____

2

Justices